**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vicki L Graham,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-23-08086-PCT-DJH<br><br>**ORDER** |

Plaintiff Vicki L Graham ("Plaintiff") seeks judicial review of the Social Security Administration ("SSA") Commissioner's partially favorable decision finding Plaintiff disabled as of December 9, 2017—but not earlier. (Doc. 1). Plaintiff filed her Opening Brief (Doc. 1), the Commissioner filed a Response (Doc. 19), and Plaintiff filed a Reply (Doc. 20). Upon review of the briefing and the Administrative Record ("AR") (Doc. 8), the Court affirms the Administrative Law Judge's ("ALJ") September 8, 2022, decision. (AR at 9–4).

**I.     Background**

On March 14, 2016, Plaintiff filed an application for social security disability insurance ("SSDI") benefits under Title II of the Act, alleging a disability onset date of May 13, 2014. (*Id.* at 1696). She also filed a Title XVI application for supplemental security income ("SSI") on March 15, 2016. *Id.* Both applications listed the disability onset date as May 13, 2016, which was later amended to November 15, 2014. *Id.* Initially, both claims were denied on June 23, 2016, and denied again upon reconsideration on

November 4, 2016.  *Id.*  The Plaintiff then filed a complaint with the United States District Court for the District of Arizona, and on January 31, 2022, the Court reversed the decision of the Commissioner and remanded her case to the Commissioner for further proceedings. (Doc. 17 at 3).  After a hearing on August 12, 2022, the ALJ issued a partially favorable decision finding that Plaintiff was disabled as of December 9, 2017, but not the alleged date of May 13, 2014, that she had listed on her application.  *Id.*   Now, Plaintiff has filed a Complaint with this Court for the second time.  (Doc. 1).

Plaintiff claims several impairments to her ability to work resulting from a neck injury and five surgeries.  (AR at 53). The ALJ found that she had the following severe impairments:

- cervical degenerative disc disease;
- thoracic and lumbar scoliosis;
- lumbar degenerative disc disease status-post C3/7 anterior fusion and C3/5 posterior fusion;
- impingement syndrome of the right shoulder with labral tear;
- right deltoid muscle avulsion status post-surgical repair;
- right ulnar nerve impingement, and;
- bilateral carpal tunnel syndrome status/post release and revision.

(AR 1714).  The Plaintiff was also found to suffer from severe migraines that constituted a medically determinable impairment.  (*Id.* at 1715).  These impairments were found to constitute more than slight abnormalities and to have more than a minimal effect on the Plaintiff's ability to perform work.  (*Id.*)

During her symptom testimony, Plaintiff stated that she feels constant chronic pain that affected her daily activities because of her neck injury (a wine rack fell on the Plaintiff in 2007) and subsequent surgeries.  (AR at 1750).  She also testified that she has migraines and can only stand for twenty minutes at a time before she needs to lay down.  (AR at 1750).

The ALJ, citing to medical records, found Plaintiff's symptom testimony was consistent with medically determinable impairments, but that Plaintiff's claims about the

intensity, persistence, and limiting effects of these symptoms is "not entirely consistent with the medical evidence and other evidence in the record." (AR at 1713). Ultimately, the ALJ found that, although Plaintiff is disabled, she was not disabled prior to December 9, 2017. (*Id.*)

## II.     Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one Rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Bernhart*, 287 F. 3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional

capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines no such work is available, the claimant is disabled. *Id.*

### III.   Discussion

Plaintiff raises two issues issue: (1) whether the ALJ erred in rejecting Plaintiff's own symptom testimony and (2) whether he erred by rejecting multiple assessments by Plaintiff's treating spinal physician, Chad Hartley, in determining Plaintiff's onset of disability date. (Doc. 1 at 4). Upon review, the Court finds the ALJ did not err in rejecting Plaintiff's symptom testimony or assigning little weight to the treating physician's notes when assessing the onset of disability date.

### A.   Plaintiff's Symptom Testimony

Plaintiff first argues the ALJ erred when she rejected Plaintiff's symptom testimony. (Doc. 1 at 3). She did not.

When an ALJ evaluates a claimant's symptoms, he considers symptom testimony, objective medical evidence, and other evidence in the record. 20 C.F.R. § 404.1529(c). An ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. § 404.1529(c)(2). However, an ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explain his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Plaintiff first argues the ALJ erred when she rejected Plaintiff's symptom testimony because "the ALJ failed to identify anything specific in the record that was inconsistent with specific portions of Graham's symptom testimony." (Doc. 20 at 4). Under 20 C.F.R.

§ 416.929(a), an ALJ is required to consider a claimant's symptoms "and the extent to which [the] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in the record. Based on her review, the ALJ found that the medical evidence from 2014-2017 "does not fully support the intensity, persistence, or limiting effects that the claimant ascribes to these impairments." (AR at 1713).

Going one step further, the ALJ specifically focused on the Plaintiff's post-laminectomy syndrome and degeneration of her cervical spine predating the alleged onset date of 2014. (*Id.*) The ALJ noted that Plaintiff underwent an anterior cervical discectomy and fusion surgery to C4 and C5 on June 24, 2015. (*Id.* at 1711). Another surgery on March 9, 2016, was done for the same thing but for C3 and C4. (*Id.*) And finally, the ALJ noted that Plaintiff underwent a third surgery in November of 2016 for C3/5 posterior fusion with bilateral arthrodesis at C3/4 and C4/5. (*Id.*) However, the ALJ found that following Plaintiff's first surgery, her imaging "showed a stable C4/7 fusion with normal vertebral bodies." (*Id.*) Similarly, following the second surgery, a myelogram "showed the fusion hardware appropriately in place" and "no significant canal or foraminal stenosis." *Id.* The imaging following the third surgery also showed much of the same with "solid interbody fusion" and no "foraminal or canal stenosis." *Id.* These findings run directly counter to Plaintiff's claim that the ALJ did not consider her three surgeries and their impact on Plaintiff's recovery. (Doc. 20 at 6).

Plaintiff also states that the ALJ "failed to consider the . . . abnormal findings on examinations that supported the Plaintiff's symptom testimony." (Doc. 20 at 5). This assertion fails because the ALJ acknowledged that "claimant's cervical spine revealed a degree of abnormality." (AR at 1711). Conversely, the ALJ also noted that these abnormalities were consistent with the Plaintiff's spinal fusions. (*Id*). Further, the ALJ found that the "imaging findings are not entirely consistent with the degree of radicular symptoms or pain that the claimant alleges." (*Id.* at 1713). Several factors contributed to the ALJ s decision that Plaintiff's symptom testimony was not entirely accurate: claimant's reports to medical providers and her own admission that she was more active than ever

after her November 2016 surgery. *Id.* Additionally, X-ray images showed normal decompression and Plaintiff denied that she had any difficulty in walking, climbing stairs, bathing, running errands, and reports from medical providers stated that Plaintiff was in no acute distress during the contested period from 2014–2017. (*Id.* at 1714.)

The ALJ also noted that a finding of "not disabled" was appropriate prior to December 9, 2017, based on the testimony of a vocational expert. (AR at 1722). Plaintiff was found to be in the younger individual age category and based on Plaintiff's age, education, work experience and residual functional capacity, the vocational expert testified that jobs existed in significant numbers that the Plaintiff could have performed. (AR at 1721; 20 CFR § 404.1563). The vocational expert also addressed Plaintiff's limitations regarding "sit/stand options, directional reaching, positioning of the neck, restrictions to unilateral versus bilateral manipulations, types of climbing, time off task, and a need for extra breaks." (AR at 1722). The ALJ also noted that beginning on December 9, 2017, Plaintiff's age category changed and a finding of "disabled" was appropriate. (*Id.*)

The Court finds, based on the above, that the ALJ relied on specific, clear, and convincing reasons for finding that the Plaintiff was not disabled prior to December 9, 2017. *See Brown-Hunter*, 806 F.3d at 488–89. Because substantial evidence supports the ALJ's findings, the Court finds that the ALJ did not err by discounting Plaintiff's symptom testimony. *See Orn*, 495 F.3d at 630.

**B.     Dr. Hartley's Medical Opinion**

Plaintiff next argues the ALJ improperly weighted the opinion of her treating spinal physician: Dr. Chad Hartley. (Doc. 1 at 4). She did not.

For claims filed before March 27, 2017, more weight is given to a treating source than the opinion of a doctor who did not treat the claimant. *See Coleman v. Saul*, 979 F.3d 751,756 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1012 (2014); *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222 (9th Cir. 2010). The ALJ can consider the quality of the medical opinion when determining how much weight to assign to it and is not required to accept medical opinions at face value. *Ford v. Saul*, 950 F.3d 1141, 1155

(2020).  Thus, an ALJ can disregard a medical opinion that is brief, conclusory, and inadequately supported by clinical findings. *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015). To disregard such a treating physician's opinion, however, requires "specific and legitimate reasons that are supported by substantial evidence." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Dr. Hartley, one of Plaintiff's treating spinal physicians, had three different opinions based on his evaluations of the Plaintiff. (AR at 1719). He first opined in a report on September 14, 2016, that Plaintiff "could sit for an hour at a time and 4 hours total in a workday with frequent breaks to lie down, stand and walk for less than an hour at a time and 3 hours total in a workday with frequent breaks to lie down, and occasionally lift and carry up to 10 pounds." (AR at 1719). His next opined in a April 2, 2018, report that Plaintiff "could sit for 30 minutes at a time and 2 hours in a workday, stand and walk for 30 minutes at a time and 2 hours in a workday, occasionally lift and carry up to 5 pounds, and less than occasionally lift and carry up to 10 pounds." (*Id.*) His third and final report issued on June 8, 2022, finds that Plaintiff was limited to "sitting for 30 minutes at a time and 2 hours in a workday, standing and walking for 30 minutes at a time and 2 hours in a workday, occasionally lifting and carrying up to 5 pounds, and rarely lifting and carrying up to 10 pounds." (*Id.*) The ALJ also noted that Dr. Hartley performed Plaintiff's spinal injuries. (*Id.*)

In analyzing Dr. Hartley's reports and notes, the ALJ found that Dr. Hartley "offered minimal concrete explanations for the basis of his opinions." (*Id.*) She further noted that "his treatment notes shed little light on how he came to these conclusions." (*Id.*) Specifically, it was noted that although Dr. Hartley's first report was written on September 14, 2016, the last physical examination he performed on the Plaintiff prior to writing the report, was three months earlier in May of 2016. (*Id.*) His physical examination revealed no abnormalities and instead indicated normal posture, normal cranial nerve function,

normal sensation, normal gait, normal cervical range of motion, and normal sensation. (*Id.*) The subsequent examinations he performed in November of 2016 and February of 2017 showed a normal thoracic and lumbar spine with full range of motion. (*Id.*) Indeed, the ALJ noted that there were vast differences in the limitations noted by Dr. Hartley in his three reports and yet, his opinions are not supported by his treatment records or the totality of the record in general. (AR at 1720).

Based on these differing reports, the Court finds that the ALJ provided specific and legitimate reasons based on substantial evidence in the record for not giving full weight to Dr. Hartley's opinions and cited directly to these contradictory records. *See Marsh* 792 F.3d at 1173. So, the ALJ did not err in discounting Dr. Hartley's opinions—even though he was Plaintiff's treating physician. *See id.*

**IV.     Conclusion**

The Court finds the ALJ properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence to establish the date of onset of disability. *See Brown-Hunter*, 806 F.3d at 488–89. The Court further finds the ALJ provided specific and legitimate reasons supported by substantial evidence for affording little weight to Dr. Hartley's opinion. *See Marsh*, 792 F.3d at 1173. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the September 8, 2022, decision of the ALJ (AR at 1696) is **AFFIRMED.** The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 30th day of September, 2024.

Honorable Diane J. Humetewa
United States District Judge